STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION, NORTH CAROLINA NATURAL GAS, APPLICANT, AND THE PUBLIC STAFF, INTERVENOR, APPELLEES v. CF INDUSTRIES, INC., INTERVENOR, APPELLANT

No. 7810UC695

(Filed 2 October 1979)

**Gas § 1; Utilities Commission § 24— curtailment tracking rate— roll forward of undercollection**

> The Utilities Commission could properly permit a gas supplier to roll forward an undercollection produced by a curtailment tracking rate for one entitlement year for collection in the next entitlement year.

Judge MITCHELL concurred in the result.

Judge MARTIN (Robert M.) dissents.

APPEAL by intervenor from order of North Carolina Utilities Commission entered 4 April 1978. Heard in the Court of Appeals 6 April 1979.

This is an appeal by CF Industries from an order in regard to a Curtailment Tracking Rate (CTR). On 21 January 1975, the North Carolina Utilities Commission entered an order putting into effect a CTR for North Carolina Natural Gas (NCNG). The CTR was not the result of a general rate case, but was allowed in order for NCNG to protect its profit margin during a period of curtailment of natural gas. It provided that NCNG could increase the price of natural gas based on the projected shortage. The entitlement period for NCNG ran from 1 November to 31 October of the following year and NCNG was required to true-up every six months, that is, NCNG was required, based on actual sales, to refund any overcollections or adjust the CTR to recover undercollections. As part of the formula for the CTR, a base period margin of $10,232,649.00 was set.

On 22 September 1976 the Commission entered an order in which it ordered that the base period margin for all future filing be $11,549,778. On 15 February 1977 an order was entered by the Commission approving a revised CTR based on a Federal Power Commission order. This order did not change the base period margin. The Commission also ordered that true-ups be done annually. On 30 January 1978, the Commission approved a new CTR. CF Industries petitioned for a rehearing. This petition was based

in part on the filing of NCNG which had been approved by the Commission and showed that as a result of the approval of the change in the base period margin as allowed by the order of 22 September 1976 there had been an undercollection of $518,610 during the entitlement period ending 31 October 1976 which NCNG had rolled forward in the entitlement period 1 November 1976 to 31 October 1977. NCNG had deducted the $518,610 from overcollections in the entitlement period ending 31 October 1977 in calculating the true-up. CF Industries objected to this. After a rehearing the Commission on 4 April 1978 entered an order approving this roll forward. CF Industries appealed. CF Industries was a party to all proceedings which resulted in the orders set forth above.

*Sanford, Adams, McCullough and Beard, by William H. McCullough and Charles C. Meeker, for CF Industries, Inc., appellant.*

*McCoy, Weaver, Wiggins, Cleveland and Raper, by Donald W. McCoy, for North Carolina Natural Gas Corporation, appellee.*

*Robert F. Page, for Hugh A. Wells, Executive Director, Public Staff, North Carolina Utilities Commission, appellee.*

WEBB, Judge.

The question posed by this appeal is whether the North Carolina Utilities Commission was legally correct in allowing North Carolina Natural Gas to roll forward an undercollection produced by the CTR for the entitlement period ending 31 October 1976 so that it was collected in the entitlement period ending 31 October 1977. The appellee contends that the order of the Commission of 15 February 1977 from which no appeal was taken should determine this case. That order provided:

> "4. That 'true-up' of the proposed annual CTR will be necessary at the end of the entitlement year with over or undercollections rolled forward in the next annual CTR."

The order also provided:

> "Any over or undercollections computed at the end of the annual entitlement period will be distributed equitably among the company's customers through the next annual rate."

The appellee contends that since NCNG did not apeal from this order, it is bound by it and cannot now appeal from a later order which approves a true-up based on the order of 15 February 1977. We do not put our decision on that ground.

We hold that under the CTR approved for NCNG in this case, undercollections in one entitlement year can be rolled forward for collection in the next entitlement year. If this is not done, there is no way the profit margin of NCNG may be protected if the annual true-up at the end of an entitlement period shows there was an undercollection. *Utilities Commission v. Public Service Co.*, 35 N.C. App. 156, 241 S.E. 2d 79 (1978) involved what was called a volume variation adjustment factor (VVAF) which worked in a manner similar to the CTR in the case sub judice. In that case the utility was required to make cash refunds of overcollections during an entitlement period. If it is proper to require a refund, we believe undercollections should be rolled forward so that a utility may recoup them.

The appellant contends this case is governed by *Utilities Commission v. Edmisten*, 291 N.C. 451, 232 S.E. 2d 184 (1977) and *Commissioner of Insurance v. North Carolina Automobile Rate Administrative Office*, 292 N.C. 1, 231 S.E. 2d 867 (1977) which prohibit retroactive rate-making. Those were cases involving general rate-making. In the case sub judice, a general rate is not involved.

Affirmed.

Judge MITCHELL concurred in the result.

Judge MARTIN (Robert M.) dissents.